IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      vs.<br><br>SAVILLE D. THOMAS,<br><br>             Defendant. | 8:20-CR-103<br><br>ADOPTION OF<br>MAGISTRATE JUDGE'S<br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (Filing 11) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that at the change of plea hearing (Filing 15), the defendant was not informed of "the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath." *See* Fed. R. Cim. P. 11(b)(1)(A). However, the Court finds that the omission was harmless, because it did not affect the defendant's substantial rights. *See* Rule Fed. R. Cim. P. 11(h). A review of the plea colloquy transcript reveals the Magistrate Judge placed the Defendant under oath but never expressly advised him under Rule 11(b)(1)(A). Filing 15 at 6. At the conclusion of the hearing, the Magistrate Judge found that the Defendant understood that his answers could be used against him in a later proceeding. Filing 15 at 22.

"A Rule 11 error affects substantial rights only where the defendant shows a reasonable probability that but for the error, [s]he would not have entered a guilty plea." *See United States v.*

*Cortez-Hernandez,* 673 Fed. App'x. 587, 590 (8th Cir. 2016) (citing *United States v. Haubrich,* 744 F.3d 554, 558 (8th Cir. 2014)). However, nothing before this Court suggests that, but for this omission, Defendant would not have entered his plea of guilty. Further, nothing suggests Defendant's statements or answers during the colloquy were false. Indeed, many of Defendant's responses are supported by the Plea Agreement (Filing 9) and the Petition to Enter a Plea of Guilty (Filing 8).

Having reviewed the record, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See United States v. Gillen,* 449 F.3d 898, 903-04 (8th Cir. 2006). The Court also notes that both parties waived any objection to the Magistrate Judge's findings and recommendation.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea, Filing 11, are adopted;

2. The plea is accepted. The defendant is found guilty. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

Dated this 30th day of July, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge